Richard J. Lehner, Esq. Counsel, Buffalo Municipal Housing Authority
I am writing in response to your request for an opinion whether a tenant-elected member of the Buffalo Municipal Housing Authority may also work for the city or for a community-based organization funded by the city.
The Buffalo Municipal Housing Authority has been established by the State Legislature as a public corporation and has as its general purpose the alleviation of adverse housing conditions in the city (Public Housing Law, §§ 37, 404). Municipal housing authorities are independent public corporations, separate from the State and its municipalities (Ciulla vState of New York, 191 Misc. 528 [Ct of Cl, 1948]; Op Atty Gen No. 85-8). It follows that the city government of the City of Buffalo is independent of the Buffalo Municipal Housing Authority.
You have asked whether an elected tenant member of the authority is subject to the limitation found in Public Housing Law, § 30(4), which provides that at any one time only one member of the authority may also be an officer or employee of the municipality. This question was answered in 1981 Op Atty Gen (Inf) 207. There we concluded that tenant members of a public housing authority are not subject to the limitations of section 30(4). The elected tenant members may be employed by the city regardless of whether there is another member of the authority employed by the city. A fortiori, section 30(4) would not prohibit the tenant member from being employed by the Police Athletic League or by some other community organization.
A situation may arise, however, where one has a conflict of interest created by the simultaneous holding of two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable or numerous, it would be necessary that the person give up one position. Employment by community groups that deal with housing matters, or who appear before the housing commission may give rise to an actual or perceived conflict of interest and should be avoided. Housing commissioners, like all government officials, should recuse themselves from acting in areas where such conflicts of interest arise.
We conclude that an elected tenant member of the Buffalo Municipal Housing Authority may be employed by the city or by community-based organizations funded by the City of Buffalo, provided no conflict of interest exists.